PER CURIAM:
Claimant brought this action for vehicle damage which occurred when her vehicle struck a hole while she was traveling westbound on 1-64 in Cabell County. 1-64 is a highway maintained by respondent in Cabell County. The Court is of the opinion to deny this claim for the reasons more fully set forth below.
The incident giving rise to this claim occurred at around 5:15 p.m. to 5:30 p.m. on March 13,2003, a sunny evening. Claimant was traveling westbound on 1-64 towards Kentucky in her 2000 Cadillac El Dorado. 1-64 is a four-lane highway with a speed limit of sixty-five miles per hour. The section of 1-64 where this incident took place was on a bridge. Claimant testified that she drove this section of 1-64 every day. She was on her way home from work the evening of the incident, and was driving between sixty-two and sixty-five miles per hour. As Ms. Eaches proceeded over the bridge in the right lane there was traffic to her left. Claimant testified that she knew there was a hole in the pavement that she was approaching, but due to the glare of the sun it appeared as though it had been repaired. By the time she realized that the hole was still there, she had no choice but to drive over it because of the car to her left and the concrete bridge barrier to her right. Her vehicle struck the hole and sustained damage to the left front tire and rim totaling $757.38.
The position of the respondent was that it did not have notice of the hole on 1-64. Charlene Pullen, 1-64 supervisor for Section One in Cabell County, testified that respondent did not have notice of the hole in question in this claim. Ms. Pullen testified that there had been problems with this bridge in the past, but that the problems had been in the left or passing lane. At 5:44 p.m. on the evening of March 13, 2003, Ms. Pullen received a telephone call regarding numerous complaints about the hole in question here on 1-64. She responded by sending crews out immediately to block off the lane so that the defective condition could be repaired as soon as possible. Ms. Pullen testified that the hole in the bridge was repaired the veiy next morning. Respondent maintains that there was no prior notice of any holes in the right lane of this stretch of 1-64 prior to claimant’s incident.
It is a well-established principle that the State is neither an insurer nor a guarantor of the safety of motorists upon its highways. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). To hold respondent liable, claimant must establish by a preponderance of the evidence that respondent had actual or constructive notice of the road defect at issue and a reasonable amount of time to take corrective action. Chapman v. Dept. of Highways, 16 Ct. Cl. 103 (1986); Pritt v. Dept. of Highways, 16 Ct. Cl. 8 (1985).
In the present claim, claimant has not established that respondent failed to take adequate measures to protect the safety of the traveling public on 1-64 in Cabell County on tíre date of her accident. Respondent received no notice prior to claimant’s incident of a hole in the right lane of traffic westbound on 1-64. While the Court is sympathetic to claimant’s plight, the fact remains that there is no evidence of negligence on the part of respondent upon which to base an award.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does deny this claim.
*182 Claim disallowed.